IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEN TOBIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CONOPCO INC., et al.,<br><br>  Defendants.<br>_____/ | No. C 12-05881 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 12, 2013, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively denies** the motion for preliminary approval, and **tentatively denies** the motion to intervene. The Court shall hear argument on the motion for preliminary approval solely from Plaintiff and Defendants.

**Motion for Preliminary Approval.**

1. In light of the fact that Judge Hamilton decided not to relate this case with the *Astiana* case, what is the parties best argument that venue is proper in this district. (*See* Proposed Final Approval Order at 1:12-13.)

2. In their answer, Defendants contend that Plaintiff lacks statutory standing to bring her claims under the New Jersey Consumer Fraud Act. (Answer, Fifth Affirmative Defense.) How can the Court conclude that Plaintiff's claims are typical to those of the class in light of this defense?

3. The parties state that they will include all claims that were submitted as part of the *Astiana* settlement. However, given the low response to publication notice, what is the parties best argument that additional publication notice would not be the best notice practicable under the circumstances?

3. Do the parties have any evidence regarding the efficacy of their proposed Internet notice?

4. The Court disagrees with the parties' view that there is no *cy pres* component and the Court does not see the nexus between the proposed charities and the nature of the claims. Although this term may be severable, the Court "cannot delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety." *Dennis v. Kellogg, Co.*, 697 F.3d 858, 868 (9th Cir. 2012). What is the parties' best argument that this provision of the settlement shares the requisite nexus with the nature of the claims?

5. Why should the Court not view this settlement with greater skepticism given that it substantially reduces the funds available for settlement purposes from the settlement proposed in *Astiana*, the fees and administrative costs are to be deducted from that fund, Plaintiff intends to seek over 20% of the available

funds, and the revised settlement offer came shortly on the heels of Judge Hamilton's decision to deny final approval in *Astiana*?

**Motion to Intervene**

1. If the Court stands by its tentative ruling and denies the motion for preliminary approval, does Ms. Astiana intend to maintain her request to intervene and be appointed interim lead counsel? Why should the Court not view this as an end run around Judge Hamilton's decision that these cases are not related?

2. If the Court ultimately were to approve a settlement or a proposed class in this case, what is Ms. Astiana's best argument that her interests are not adequately protected by the fact that she can choose to opt out of the class and pursue her legal claims on an individual basis?

3. If the Court were to approve the settlement, and Ms. Astiana chose to opt-out, would Defendants argue that the release provisions would be a bar to her claims?

**IT IS SO ORDERED.**

Dated: April 15, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case3:12-cv-05881-JSW Document39 Filed04/15/13 Page4 of 4