United States District Court
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLLEN TOBIN, individually, and on behalf of all others similarly situated,

    Plaintiff,

  v.

CONOPCO INC., and BEN & JERRY'S HOMEMADE, INC.,

    Defendants.

No. C 12-05881 JSW

**ORDER DENYING MOTION TO INTERVENE AND TO APPOINT INTERIM LEAD COUNSEL**

**(Docket No. 22)**

This matter comes before the Court upon consideration of the Motion to Intervene and to Appoint Interim Lead Counsel filed by Skye Astiana ("Ms. Astiana"). Defendants, Conopco, Inc. and Ben & Jerry's Homemade, Inc. ("Ben & Jerry's") (collectively "Defendants") do not oppose Ms. Astiana's motion. Plaintiff, Colleen Tobin ("Ms. Tobin"), does oppose Ms. Astiana's motion. The Court has considered the parties' papers, relevant legal authority, the record in this case, and has had the benefit of oral argument. For the reasons set forth below, the Court DENIES Ms. Astiana's motion.

**BACKGROUND**

Ms. Astiana is the named Plaintiff in *Astiana v. Ben & Jerry's Homemade, Inc.*, 10-CV-4387-PJH (the "*Astiana* litigation"), in which she asserts claims against Ben & Jerry's for common law fraud, violations of California's Unfair Competition Law, violations of California's False Advertising Law, and restitution based on "quasi-contract/unjust enrichment." Each of these claims is based on allegations that Ben & Jerry's labeled certain of

its ice cream, frozen yogurt, and popsicle products as "All Natural," when these products contained alkalized cocoa, a non-natural ingredient. (*See Astiana*, Docket No. 20 (Amended Complaint).) The parties in the *Astiana* case reached a settlement, but Judge Hamilton rejected the agreement at the final approval hearing.

After Judge Hamilton denied the motion for final approval, Ms. Tobin filed the instant action in the United States District Court for the District of New Jersey, and the matter was transferred here by the consent of the parties. Ms. Tobin asserts claims against Defendants for violations of the New Jersey Consumer Fraud Act and breach of express written warranty under the Magnusson-Moss Warranty Act. These claims also are premised on an "All Natural" label, and Ms. Tobin includes allegations regarding alkalized cocoa, as well as allegations that Defendants have used Genetically Modified Organism ("GMO") food ingredients. (Docket No. 1, Complaint.)

Judge Hamilton denied a motion to relate this case with the *Astiana* litigation, and Ms. Astiana now seeks to intervene in this litigation.

**ANALYSIS**

Ms. Astiana moves to intervene pursuant to Federal Rule of Civil Procedure 24(a), intervention of right, and under Rule 24(b), permissive intervention, and seeks to be appointed as interim lead class counsel pursuant to Rule 23(g). Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a pending lawsuit "as of right" must meet four requirements. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). First, the applicant must show he or she "has a significant protectable interest relating to the property or transaction that is the subject matter of the action." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). Second, the applicant must show the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest. *Id.* Third, the application must be timely. Finally, the applicant must show that the existing parties may not adequately represent the applicant's interest. *Id.*

Ms. Astiana's argument on the second and fourth prongs are based on the fact that Ms. Tobin and Defendants have submitted a proposed settlement to the Court for preliminary

2

1 approval. However, the Court is not going to approve the preliminary settlement agreement,
2 and Ms. Astiana has not offered any other reasons why Ms. Tobin would not adequately protect
3 any interest she may have in prosecuting these claims. Second, if the Court ultimately were to
4 approve a settlement, Ms. Astiana could opt out or object. Thus, her interests would be
5 protected. Therefore, Ms. Astiana has not satisifed all for requirements of Rule 24(a). For
6 these same reasons, the Court concludes that Ms. Astiana has not shown that permissive
7 intervention is warranted under Rule 24(b).

8 In light of this ruling, Ms. Astiana's motion to be appointed interim lead counsel is
9 moot, and her alternative request to stay this litigation pending resolution of *Astiana* is denied,
10 because she is not a party to this case.

11 **IT IS SO ORDERED.**

12 Dated: April 22, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3